USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/16/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Joseph Massaro,

Defendant.

92-cr-529 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Defendant Joseph Massaro moves for compassionate release pursuant to 18 U.S.C. § 3582(c).  For the reasons that follow, the Court denies Defendant's motion.

Mr. Massaro is currently serving a life sentence after being convicted on ten racketeering-related counts, including murder in aid of racketeering, following a jury trial.  In July 2020, Mr. Massaro, acting *pro se*, filed a motion for compassionate release raising many of the same arguments as he does in his present motion.  Dkt. No. 183.  The Court denied that motion in February 2021.  *United States v. Massaro*, No. 92-CR-529 (AJN), 2021 WL 9908539 (S.D.N.Y. Feb. 2, 2021) (Dkt. No. 191).  On June 10, 2022, the Second Circuit dismissed Mr. Massaro's appeal from the order denying him compassionate release "because it 'lack[ed] an arguable basis either in law or in fact.'"  *United States v. Massaro*, No. 21-439 (2d Cir. June 10, 2022), doc. 44 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

On December 14, 2022, Mr. Massaro filed another compassionate release motion *pro se*, arguing, among other things, that changes in the United States Sentencing Guidelines, his age and medical conditions, and sentencing disparities with similarly situated defendants all constitute extraordinary and compelling reasons for granting relief.  Dkt. No. 197.  The

Government filed a response on January 10, 2023. Dkt. No. 202 ("Gov't Opp'n"). The Court directed Mr. Massaro to file any reply by no later than January 31, 2023. Dkt. No. 203. To date, no reply has been filed.

The Court denies Mr. Massaro's motion substantially for the reasons stated in the Government's opposition. Gov't Opp'n 3–5. "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (cleaned up). The compassionate release provision of the First Step Act creates one such exception, allowing a district court to reduce a term of imprisonment on a motion by a defendant if the court determines that (1) the defendant has exhausted their administrative remedies; (2) extraordinary and compelling reasons warrant such a reduction; and (3) such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the U.S. Sentencing Commission. *See United States v. Scparta*, 567 F. Supp. 3d 416, 420–21 (S.D.N.Y. 2020). The Government does not contest exhaustion and assumes, *arguendo*, that Mr. Massaro's medical conditions constitute extraordinary and compelling reasons. Gov't Opp'n 3–5 & n.3. Nevertheless, the Government contends, "the Section 3553(a) factors require denial of the Motion." *Id.* at 5. The Court agrees.

As the Court determined in ruling on Mr. Massaro's prior compassionate release motion, "the pandemic amounts to an extraordinary and compelling circumstance in Mr. Massaro's case," given his "advanced age . . . and his history of strokes, breathing difficulties, and other medical problems," because "he faces a substantial risk of serious illness or death from COVID-19 in prison." *Massaro*, 2021 WL 9908539, at *2. Even so, as the Court previously determined,

upon consideration of the § 3553(a) factors, a reduction in sentence is not warranted.  As the Court recounted:

> Mr. Massaro's crimes were as numerous as they were serious.  He engaged in at least a decade of racketeering activity during which he routinely inflicted violence for pecuniary gain.  His victims—those that lived—lived in fear of him.  Not all did.  His murder of Mr. Fiorito—again, for pecuniary gain—was particularly callous.  In what appears to have been a meticulously planned endeavor, he lured Mr. Fiorito to an empty home and shot him in the head.  Later the same day, after time to reflect, Mr. Massaro appears to not to have doubted his decision to murder Mr. Fiorito, but only his marksmanship.  He shot Mr. Fiorito in the head again to make sure he was dead.  This conduct was not a single incident.  It was a pattern of exceptionally violent criminal behavior in service of a dangerous criminal organization that reflected a complete disregard for human life and for the law.

*Id.*  Once again, Mr. Massaro argues that there are substantial mitigating factors, including his strong family ties, numerous letters of support provided by several friends and associates, a commendable record of good behavior and participation in educational programming while incarcerated, and other evidence of rehabilitation.  But the Court continues to "ha[ve] concerns that Mr. Massaro, were he released today, would continue to pose 'a danger to the safety of any other person or to the community,'" despite his advanced age. *Id.* at *3 (quoting U.S.S.G. § 1B1.13(2)).  Mr. Massaro "was hardly a young man when he murdered Mr. Fiorito." *Id.*  He "spent a substantial portion of his life involved in violent criminal conduct, including ordering others to commit acts of violence on his behalf," and "[b]oth his past conduct and his longstanding connections to organized crime suggest that he might be able to inflict further harm on the community even in old age." *Id.*

The Court also rejects Mr. Massaro's arguments based on the fact that the Sentencing Guidelines are no longer mandatory.  As the Court previously observed, *id.* at *3, and as the Government notes, Gov't Opp'n 5, the life sentence Mr. Massaro previously received would be

3

the same if imposed today, because his 18 U.S.C. § 1959(a)(1) conviction now requires imposition of a mandatory life sentence or death. Thus, "at no time between when Mr. Massaro was sentenced and today could he have received a lower sentence for his crimes. Nor does the Court believe that any court would have imposed a lower sentence even if it had discretion to do so." *Massaro*, 2021 WL 9908539, at *3.[1]

In sum, having considered the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that they do not support compassionate release. It thus declines to exercise its discretion to reduce Mr. Massaro's sentence.[2]

For the foregoing reasons, the Court DENIES Mr. Massaro's motion for compassionate release. The Clerk of Court is respectfully directed to terminate Dkt. No. 197, to mail a copy of this Order to Mr. Massaro, and to note the mailing on the public docket.

SO ORDERED.

Dated: February 16, 2023
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation

---

[1] To the extent Mr. Massaro raises arguments challenging the validity of his convictions, such arguments are not properly before the Court. *See United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022) ("[A]rguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255.").

[2] The Court grants the Government's request to file certain exhibits containing sensitive medical information under seal. Gov't Opp'n 4 n.2.