USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

—v—

Joseph Massaro,

Defendant.

---

92-cr-529 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

On December 14, 2022, Defendant Joseph Massaro filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 197. The Court denied that motion in a memorandum and order on February 16, 2023. *United States v. Massaro*, No. 92-CR-529 (AJN), 2023 WL 2058398 (S.D.N.Y. Feb. 16, 2023) (Dkt. No. 204). Defendant now moves for reconsideration of the denial of compassionate release. Dkt. No. 209. For the reasons that follow, the Court denies Defendant's motion.

"Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions have traditionally been allowed within the Second Circuit." *United States v. Lesane*, No. 22-CR-110 (VSB), 2023 WL 315268, at *2 (S.D.N.Y. Jan. 19, 2023) (cleaned up). "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources, and can be granted only upon a showing of exceptional circumstances . . . ." *Id.* (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

Such motions are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." *United States v. Goldberg*, No. 12-CR-864 (LAP), 2021 WL 2444548, at *1 (S.D.N.Y. June 15, 2021) (cleaned up).

Defendant's motion does not meet these standards. He argues that the Court overlooked his citation to *Concepcion v. United States*, 142 S. Ct. 2389 (2022), and that intervening changes in sentencing law can constitute an extraordinary and compelling reason for a sentence reduction. Dkt. No. 209, at 1–3. In fact, the Court's February 16 order found that Defendant had demonstrated an extraordinary and compelling circumstance based on his age and health in the context of the COVID-19 pandemic. *Massaro*, 2023 WL 2058398, at *1. But, for the reasons the Court explained, it declined to exercise its discretion to reduce Defendant's sentence after weighing the relevant factors under 18 U.S.C. § 3553(a). *Id.* at *1–2. In doing so, the Court specifically considered intervening changes in sentencing law, but explained that it did not "believe that any court would have imposed a lower sentence even if it had discretion to do so." *Id.* at *2 (cleaned up). To the extent that Defendant argues that the Court was required to "respond point for point each and every new issue" he raised, Dkt. No. 209, at 3, this argument is refuted by the very case upon which he primarily relies, *see Concepcion*, 142 S. Ct. at 2405 ("Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments.").

For the foregoing reasons, the Court DENIES Mr. Massaro's motion for compassionate release.

The Clerk of Court is respectfully directed to terminate Dkt. No. 209, to mail a copy of

this Order to Mr. Massaro, and to note the mailing on the public docket.

    SO ORDERED.

Dated: June 1, 2023
       New York, New York

_____
       ALISON J. NATHAN
       United States Circuit Judge,
       sitting by designation